UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE MCDEVITT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHUBBUCK, IDAHO, CITY OF POCATELLO, IDAHO, BRANDON FOWLER, JEAN HIGGINS, JARED BYSTROM, B. SCHIFFMAN, AARON HARKER, and RANDY SEVERE,<br><br>Defendants. | Case No. 4:25-cv-00734-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Michelle McDevitt's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review McDevitt's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of McDevitt's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court GRANTS McDevitt's application to proceed in forma pauperis and will waive her court fees in their entirety. The Court will allow Counts I–IV, and VI to proceed. The Court will also allow Count XI as to the Individual

Defendants (defined below) to proceed. The Court DISMISSES WITHOUT PREJUDICE Count V as the Complaint does not identify any policy or custom of either the City of Chubbuck or the City of Pocatello that resulted in the alleged constitutional violations. The Court further DISMISSES WITHOUT PREJUDICE Count VII due to a lack of presently available remedies. The Court DISMISSES WITHOUT PREJUDICE Count VIII as the statute in question does not create a private right of action. Finally, the Court DISMISSES WITHOUT PREJUDICE Counts IX–XI as to the Private Individuals (defined below) as the Complaint does not name them as defendants. The Court will, however, allow McDevitt an opportunity to remedy the shortcomings in her Complaint as to these claims.

## II. BACKGROUND

McDevitt is suing the City of Chubbuck ("Chubbuck") and the City of Pocatello ("Pocatello") as well as individual defendants Brandon Fowler, Jean Higgins, Jared Bystrom, B. Schiffman, Aaron Harker, and Randy Severe in their individual and official capacities (the "Individual Defendants") for alleged violations of 42 U.S.C. § 1983, Idaho Code § 74-101 et seq., Idaho Code § 5-311, the First and Fourteenth Amendments of the United States Constitution, and for torts under Idaho common law. *See generally* Dkt. 2. Though not named in the caption title, McDevitt also alleges torts committed by various private individuals. *Id.* McDevitt alleges that, after her son died in a motor vehicle accident, employees of the Chubbuck Police Department deliberately concealed and fabricated evidence, failed to investigate effectively, intimidated both witnesses and McDevitt herself with the intent to interfere with their rights, and refused to turn over complete records of the incident that resulted in her son's death. *Id*. at 15–22. The Complaint additionally names

the cities of Chubbuck and Pocatello as defendants under a theory of municipal liability for the conduct of the Individual Defendants. *Id.* at 19–20. McDevitt also claims state law conspiracy against Austin Fischer, Isaiah Toone, Eli Brett Schei, Andre Christiansen, Keagan Christiansen, Macey Cannon, and Jade Von Schlitz (the "Private Individuals") as well as state law intentional infliction of emotional distress against the Individual Defendants and the Private Individuals. *Id.* at 24–25. The Complaint further asserts a claim of wrongful death under Idaho Code § 5-311 as to the Private Individuals only. *Id.* at 24. These state law claims arise out of the same facts as the federal law claims. *Id.* McDevitt seeks to proceed in forma pauperis, citing her poverty. Dkt. 1.

## III. LEGAL STANDARDS

### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

**B. Pleading Standards**

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

**A. Application to Proceed in Forma Pauperis**

McDevitt utilized the Administrative Office of the Court's generic in forma pauperis

form. McDevitt reported she lacks employment and consequently has no employment income. Dkt. 1, at 2. McDevitt reported her income as $30 per day working for Instacart. *Id.* Apart from this, McDevitt reports that she received a one-time 1099 Employment Appen of $265 this past November. *Id.* McDevitt reports that she currently has $21 in a checking or savings account. *Id.* McDevitt reported that she is responsible for a $124 monthly phone bill and a $100 monthly transportation bill. *Id.* She must further account for $500 in medical debt, a $900 credit balance, $150 per month in food, and $50 in other "basic living supplies" along with $168,000 in student loans payable on an Income Contingent Payment Plan. *Id* at 2–3.

The Court finds that McDevitt lacks capacity to pay for court fees and therefore qualifies to proceed in forma pauperis due to the significant limitations to her income coupled with her financial responsibilities. The Court hereby waives McDevitt's court fees in their entirety.

**B. Sufficiency of Complaint**

McDevitt relies on 42 U.S.C. § 1983 ("§ 1983") as well as the First, Fourth, and Fourteenth Amendments for her federal claims. *Id*. at 3. For her state law claims, McDevitt relies on Idaho Code § 74-101 et seq. and Idaho Code § 5-311 as well as conspiracy and intentional infliction of emotional distress theories. *Id.* at 22, 24–25.

*i. Counts I–IV: Fabrication of Evidence, Denial of Access to Courts, Failure to Investigate/Deliberate Indifference, and Conspiracy to Interfere with Civil Rights*

McDevitt brings her fabrication of evidence claims ("Counts I–IV") under § 1983 against the Individual Defendants. Counts I–IV are cognizable in that they attach alleged

acts of evidence fabrication, evidence tampering, and witness concealment to a denial of due process under the Fourteenth Amendment.

In general, "[t]o establish § 1983 liability, a plaintiff must show both: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)).

The Complaint states that McDevitt's son fell from a truck driven by Austin Fischer, one of six occupants of the vehicle at the time. Dkt. 2, at 5. For Counts I–IV, McDevitt's Complaint details how officers and other employees of the City of Chubbuck allegedly ignored certain evidence, removed or destroyed other evidence, and fabricated a narrative concerning her son's death that does not hold up under her stated facts. *Id.* at 6–8. For Counts II (Denial of Access to Courts) and IV (Conspiracy to Interfere with Civil Rights), the Complaint also alleges the Individual Defendants took steps to conceal the identity and presence of Eli Schei, son of the Pocatello police chief. *Id.* at 16–17, 19. McDevitt alleges that these actions taken by the Individual Defendants under color of law deprived her of access to courts, violating § 1983 by way of violating her First and Fourteenth Amendment Rights. *Id.* at 15–20. Taken as true, these facts establish Counts I–IV as cognizable.

*ii. Count V: Municipal Liability*

McDevitt brings her Municipal Liability claim ("Count V") against defendants Pocatello and Chubbuck. *Id.* at 19. Count V is not cognizable as to either of the named defendants as the Complaint fails to allege how a policy or custom of either defendant

resulted in the alleged constitutional violations.

The Eleventh Amendment bars suits against a State: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Local governments, however, are not entitled to Eleventh Amendment immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 369 (2001).

To bring a § 1983 claim against a governmental entity or private entity performing a governmental function, a plaintiff must allege: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658, 690 (1978)). Such a claim is considered a *Monell* claim.

As outlined above, the Complaint alleges deprivations of constitutional rights. However, all the conduct outlined in the Complaint stems from actions taken by the Individual Defendants in the pursuit of an allegedly corrupt goal. As the Court will not allow Count VII to proceed under the Idaho Public Records Act, the Complaint does not identify any policy or custom of either Pocatello or Chubbuck that acted as the moving force behind any cognizable violation of law. Thus Count V is dismissed without prejudice.

*iii. Count VI: Witness Intimidation*

McDevitt brings her Witness Intimidation claims ("Count VI") against the Individual Defendants under 42 U.S.C. § 1983. Although McDevitt would more properly bring this claim under 42 U.S.C. § 1985(2), the facts as alleged represent a cognizable claim of witness intimidation.[1]

A party brings a cognizable claim of witness intimidation under § 1985(2) if they assert facts sufficient to establish, if taken as true, that defendants conspired to deter a party, witness, or juror from exercising federally protected rights and then one of the conspirators did deter that person from exercising those rights "by force, intimidation, or threat." *Gibson v. City of Portland*, 165 F.4th 1265, 1294 (9th Cir. 2026).

Here, the Complaint alleges that witness Andre Christiansen refused to explain to McDevitt the efforts made to remove Eli Schei from the scene of the accident citing "threats." Dkt. 2, at 9. The Complaint further alleges that witness Johnny Cowan initially provided a statement and appeared in 2015 reports. *Id.* at 21. Cowan subsequently vanished from reports and later refused to testify regarding his statement while making a further statement to McDevitt indicating his awareness that he had been removed from reports. *Id.* Finally, the Complaint alleges that, on January 27, 2023, McDevitt received an anonymous threat to "Drop this or you'll end up next to your son." *Id.* McDevitt alleges these threats served to inhibit and deter her from accessing courts regarding this issue. *Id.* Because these

[1] The Court may construe claims liberally and need not dismiss Count VI based upon citing the wrong statute if the facts alleged make claims under other statutes plausible. *See Cheyssial v. McCarthy*, 2021 WL 3487121, at *8 (N.D. Cal. Aug. 9, 2021). Even so, when amending her Complaint, McDevitt might consider amending the statute under which Count VI is brought.

alleged threats, taken as true, are sufficient to establish that involved persons sought to deter McDevitt herself as well as potentially two other witnesses from participating in court proceedings, Claim VI is cognizable.

*iv. Count VII: Idaho Public Records Act*

McDevitt brings her Idaho Public Records Act claim ("Count VII") against the Individual Defendants. Because Idaho Code § 74-102 does not provide any remedy after a potential claimant has obtained the sought-after records, Count VII is not cognizable.

The Idaho Public Records Act provides every person with a right to examine any public records of the state and that the law presumes all public records of Idaho to be open unless otherwise specified by statute. Idaho Code § 74-102. Where a government entity wrongfully withholds records not protected by a recognized exemption, a court may compel the production of those records insofar as the entity has not produced them at the time a claimant brings an action to compel their production. Idaho Code § 74-116; *Cover v. Idaho Bd. of Correction*, 476 P.3d 388, 397 (Idaho 2020). If a court finds that a refusal to disclose records was frivolous, it may award appropriate costs and attorney's fees. *Cover*, 476 P.3d at 401–02.

Here, although the Complaint alleges an 8-or-more-year delay in the production of requested records, the Complaint concludes that Count VII accrued fully in 2025 with all relevant records now fully produced. Dkt. 2, at 22. McDevitt's allegations of document alteration more properly fall under the preceding claims. Because the Complaint does not identify any remaining records to be produced, the law offers no remedy for the Complaint as written, and Count VII is dismissed without prejudice.

*v. Count VIII: State Law Claims*

McDevitt brings her state law claims ("Count VIII") against the Individual Defendants under Idaho Code § 18-2603. Because the listed code does not offer any private right of action, Count VIII is not cognizable.

Idaho Code § 18-2603 criminalizes the willful destruction of any writing or item known by the actor to be produced, used, or discovered as evidence in any trial. This statute does not create a private right of action. *Kennemer v. Tyler*, 2025 WL 2210916, at *3 (D. Idaho Aug. 4, 2025).

Here, an analysis of the claims contained within Count VIII is unnecessary. Because the legal basis for the claim contains no private right of action, Count VIII cannot proceed as written, and Count VIII is dismissed without prejudice.

*vi. Counts IX–X: Wrongful Death/Loss of Familial Relationship and Conspiracy*

McDevitt brings her state law Wrongful Death/Loss of Familial Relationship and Conspiracy claims ("Counts IX–X") against the Private Individuals under Idaho Code § 5-311 and a state common law conspiracy theory. Because the Complaint does not properly name the Private Individuals as defendants, Counts IX–X are not cognizable.

Under Idaho law, the heirs or personal representatives of a person whose death a defendant's wrongful or negligent acts caused may bring an action for damages against that defendant. Idaho Code § 5-311. Legal remedies exist for civil conspiracy where two or more people agree to accomplish an unlawful objective or to accomplish a lawful objective in an unlawful manner. *McPheters v. Maile*, 64 P.3d 317, 321 (Idaho 2003). Under federal law, if a plaintiff includes a state law claim that arises from the same case or

controversy as included federal claims and that claim does not substantially predominate over the federal law claims, federal courts may hear it under supplemental jurisdiction. *Lakic v. Idaho Dep't of Correction*, 2024 WL 989803, at *5 (D. Idaho March 7, 2024). However, courts dismiss with leave to amend complaints that do not properly list all defendants in the title of the caption. Fed. R. Civ. P. 10(a); *Nicholas v. City of West Covina*, 2022 WL 17254779, at *4 (C.D. Cal. Sep. 14, 2022).

Here, the Complaint asserts cognizable claims under federal law that Counts IX–X do not substantially predominate. However, the caption does not list any of the Private Individual Defendants in the case title. Dkt. 2, at 1. For this reason, Counts IX–X are not cognizable without revision and the Court dismisses them without prejudice.

*vii. Count XI: State Law Intentional Infliction of Emotional Distress*

McDevitt brings her Intentional Infliction of Emotional Distress claim ("Count XI") against both the Individual Defendants and the Private Individuals. Because the Complaint, taken as true, adequately alleges the elements of the alleged tort, it is cognizable in that respect. However, for the same reasons outlined in the preceding section of this Opinion, the Complaint is not cognizable as to the Private Individuals as written.

A plaintiff may recover for intentional infliction of emotional distress if the following elements are met: "1) the conduct must be intentional or reckless; 2) the conduct must be extreme and outrageous; 3) there must be a causal connection between the wrongful conduct and the emotional distress; and 4) the emotional distress must be severe." *Curtis v. Firth*, 850 P.2d 729, 752 (Idaho 1993).

The Complaint alleges a course of intentional conduct that, if true, a jury could find

to be extreme or outrageous. *See generally* Dkt. 2. The emotional distress caused by the death of her son and the subsequent alleged course of conduct by various actors to conceal the circumstances of his death allegedly resulted in the loss of McDevitt's work and her consequent life in poverty for the past 9 years. *Id.* at 9. However, because the Complaint does not name the Private Individuals as defendants, Count XI is cognizable as to the Individual Defendants only and is dismissed without prejudice as to the Private Individuals.

## V. CONCLUSION

McDevitt sufficiently proved her indigency and the Court will allow her to proceed without paying court fees. Additionally, the Court finds that McDevitt's Complaint is sufficient in part and deficient in part and accordingly DISMISSES WITHOUT PREJUDICE those claims outlined above as deficient. McDevitt may amend her Complaint and refile if she so chooses or proceed on the surviving claims.

## VI. ORDER

1. McDevitt's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. McDevitt need not pay court fees to proceed.
2. McDevitt's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE as to Counts V, VII, and VIII, as well as Counts IX–XI as to the Private Individuals. She may proceed with her remaining claims. The Court grants McDevitt leave to file an Amended Complaint in compliance with the Court's analysis above if she wishes to proceed with the deficient claims. McDevitt must file her Amended Complaint within **thirty (30)** days of the issuance of this Order.
3. Failure to submit an Amended Complaint or proceed with the claims currently

allowed by this Court within the ordered timeframe will result in the full dismissal of Counts V, VII, and VIII, as well as Counts IX – XI as to the Private Individuals, WITH PREJUDICE and without further notice.

4. Because the Court has granted Leave to Proceed In Forma Pauperis, the Court will issue notice and summons to defendants for the surviving Counts after the passage of **thirty (30)** days, or, if McDevitt amends her Complaint, to all those defendants involved in cognizable claims in the amended Complaint after renewed analysis.

DATED: September 29, 2026

David C. Nye
U.S. District Court Judge