UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHELLE MCDEVITT,

Plaintiff,

v.

CITY OF CHUBBUCK, IDAHO; CITY OF POCATELLO, IDAHO; BRANDON FOWLER, JEAN HIGGINS, JARED BYSTROM, B. SCHIFFMAN, AARON HARKER, and RANDY SEVERE, individually and in their official capacities; AUSTIN FISCHER, ISAIAH TOONE, ELI BRETT SCHEI, ANDRE CHRISTIANSEN, KEAGAN CHRISTIANSEN, MACEY CANNON, and JADE VONSCHRILTZ,

Defendants.

Case No. 4:25-cv-00734-DCN

**SECOND REVIEW ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Michelle McDevitt's First Amended Complaint. Dkt. 7. Having previously approved McDevitt's application to proceed in forma pauperis (Dkt. 1) along with some of the claims in her original Complaint (Dkt. 2), the Court must now undertake a review of McDevitt's First Amended Complaint ("FAC") to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

As the Court previously ruled (Dkt. 5), the Court will allow Counts I–IV, and VI to proceed as originally written in the Complaint (Dkt. 2) and will provide no further discussion on those claims. Looking to the FAC, Count IX may now proceed against Defendants Austin Fischer and Isaiah Toone as McDevitt has plausibly plead how their

actions could have contributed to Charles's death. Count X may also proceed against the Individual Defendants as well as Defendants Isaiah Toone and Keagan Christiansen as McDevitt has now plausibly plead a case of civil conspiracy as to those Defendants. Count XI may proceed against Brandon Fowler, Jean Higgins, Jared Bystrom, B. Schiffman, Aaron Harker, and Randy Severe in their individual and official capacities (the "Individual Defendants") as well as against Keagan Christiansen, Isaiah Toone, and Austin Fischer because the FAC establishes a plausible set of facts for a case against these Defendants of intentional infliction of emotional distress.

Based on available information, the Court DISMISSES WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND Count V as the FAC does not adequately connect any policy or custom of either the City of Chubbuck or the City of Pocatello to the harms alleged. The Court further DISMISSES WITH PREJUDICE Count VII due to the bar created by Idaho Code § 74-115(3). The Court DISMISSES WITH PREJUDICE Count VIII as the FAC has continued to fail to show a plausible means McDevitt could prevail on this Count and further amendment would be futile. The Court DISMISSES WITHOUT PREJUDICE Count IX as to Andre Christiansen, Eli Schei, Keagan Christiansen, Macey Cannon, and Jade Vonschriltz because McDevitt has not identified any actions taken by these individuals that would have contributed to her son's death. The Court also DISMISSES WITHOUT PREJUDICE Count X as to Austin Fischer, Andre Christiansen, Eli Schei, Macey Cannon, and Jade Vonschriltz as McDevitt has not plausibly shown how these individuals contributed to any conspiracy to conceal the manner of her son's death or to impede her pursuit of this action. Finally, the Court DISMISSES WITHOUT

PREJUDICE Count XI as to Andre Christiansen, Eli Schei, Macey Cannon, and Jade Vonschriltz as McDevitt has not plausibly shown how she could prevail against these individuals on her claim for the Intentional Infliction of Emotional Distress.

The Court will, however, allow McDevitt an opportunity to remedy the shortcomings in Counts IX–XI.

## II. BACKGROUND

McDevitt is suing the City of Chubbuck ("Chubbuck") and the City of Pocatello ("Pocatello") as well as the Individual Defendants for alleged violations of 42 U.S.C. § 1983, Idaho Code § 74-101 et seq., the First and Fourteenth Amendments of the United States Constitution, and for torts under Idaho common law. *See generally* Dkt. 7. McDevitt is also suing Austin Fischer, Isaiah Toone, Eli Brett Schei, Andre Christiansen, Keagan Christiansen, Macey Cannon, and Jade Vonschriltz (the "Private Defendants") for wrongful death under Idaho Code § 5-311 and for torts under Idaho common law. *Id.*

McDevitt alleges that, after her son died in a motor vehicle accident, employees of the Chubbuck Police Department deliberately concealed and fabricated evidence, failed to investigate effectively, intimidated both witnesses and McDevitt herself with the intent to interfere with their rights, and refused to turn over complete records of the incident that resulted in her son's death. *Id.* at 13–22. The Complaint additionally names the cities of Chubbuck and Pocatello as defendants under a theory of municipal liability for the conduct of the Individual Defendants. *Id.* at 16–19. The state law claims arise out of the same facts as the federal law claims. *Id.* at 21–22.

McDevitt alleges that the Private Defendants jointly contributed to Charles's death.

*Id.* at 22–23. Specifically, the FAC identifies Fischer's unsafe operation of the truck and Toone's failure to immediately call 911 as factors contributing to Charles's death. *Id.* The FAC also seeks to hold all Defendants responsible for a civil conspiracy to conceal the circumstances surrounding Charles's death as well as the presence of Eli Schei – the son of the Pocatello police chief. *Id.* at 23. Specifically, the FAC identifies the following as evidence of the conspiracy: Toone's calls to private parties prior to calling 911 at the time of the incident; Andre Christiansen's removal of Schei from the scene prior to police arrival and Schei's subsequent exclusion from all police records regarding the incident; Keagan Christiansen's interference with Cannon's communications with McDevitt; Toone's removal of evidence from the scene; and Andre Christiansen's subsequent refusal to explain his actions due to his fear of "threats." *Id.* Finally, the FAC seeks to hold all Defendants responsible for Intentional Infliction of Emotional Distress connected to the above-referenced conduct. *Id.* at 24.

## III. LEGAL STANDARDS

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for

relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Courts may deny leave to amend with consideration to the following factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended their pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). Futility alone can justify a denial of leave to amend, and a court does not abuse its discretion in denying leave where a movant presents no new facts but only new theories. *Id.* (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)).

## IV. ANALYSIS

McDevitt seeks to bring a *Monell* action against Chubbuck and Pocatello to hold them accountable for the actions of public employees. Dkt. 7 at 16. For her state law claims, McDevitt relies on Idaho Code § 74-101 et seq. and Idaho Code § 5-311 as well as negligence, gross negligence, fraudulent concealment, conspiracy, and intentional

infliction of emotional distress theories. *Id.* at 20–24.

*i. Count V: Municipal Liability*

McDevitt brings her Municipal Liability claim ("Count V") against Defendants Pocatello and Chubbuck. *Id.* at 16. In addition to her policy claims regarding the two cities, McDevitt alleges Defendant Randy Severe acted as the final policymaker for the Chubbuck Police Department in his role as police chief and this should create municipal liability for Chubbuck. *Id.* at 16–17. Count V is not cognizable as to either of the named Defendants as the FAC fails to allege how a policy or custom of either defendant resulted in the alleged constitutional violations and because Severe did not—and does not—act as a final policymaker for the Chubbuck Police Department.

The Eleventh Amendment bars suits against a State: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Local governments, however, are not entitled to Eleventh Amendment immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 369 (2001).

To bring a § 1983 claim against a governmental entity or private entity performing a governmental function, a plaintiff must allege: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citing *Monell v. Dep't of Soc.*

*Svcs. of City of New York*, 436 U.S. 658, 690 (1978)). Such a claim is considered a *Monell* claim.

"The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986). More specifically, it is not enough that a policy or custom is the but-for cause of an unconstitutional act; a municipal actor must take the unconstitutional act pursuant to a municipal policy. *Id.* at n. 11.

As to Chubbuck, the FAC alleges deprivations of constitutional rights. However, all the conduct outlined in the FAC stems from actions taken by the Individual Defendants in the pursuit of an allegedly corrupt goal absent any apparent influence from a policy or custom. McDevitt again has not identified any standing policy, custom, or practice of Chubbuck that guided the alleged actions of the employees involved. This remains true where Severe is concerned. Furthermore, Severe is not the final policymaker for Chubbuck. Outside of unique grants of authority, Idaho law expressly grants final policymaking power for municipalities to mayors and city councils. Idaho Code §§ 50-602, 50-701. The FAC does not identify, and the Court cannot find any such grant of authority to Severe. In this vacuum, Severe retains only the discretion to exercise his duties as police chief – not final policymaking power.

The case for Pocatello is weaker still. McDevitt does not allege any actions taken by employees of Pocatello. The FAC assumes Pocatello's involvement because of the alleged concealment of Schei and offers as evidence only the immediate denial and non-

retention of an apparently improperly placed 911 call to Pocatello's dispatch prior to the more substantial contact with Chubbuck. Dkt. 7 at 18. It is a stretch to assume Pocatello's involvement by the mere presence of an employee's family member, and the Court can hardly treat the non-retention of a single improperly placed emergency call as independent evidence of a city-wide policy that resulted in the abuse of a party's Constitutional rights.

As the FAC does not remedy the original Complaint's deficiencies by identifying any policy or custom of either Pocatello or Chubbuck that acted as the moving force behind any cognizable violation of law and does not properly identify the contributing acts of a final policymaker, Count V has no merit. Thus, Count V is dismissed without prejudice but without leave to amend at this time. McDevitt should note that, should evidence of municipal involvement rising to the level of a *Monell* claim arise in the course of her pursuit of the permitted claims, the Court will reconsider its position on the issue at that time.

*ii. Count VII: Idaho Public Records Act*

McDevitt brings her Idaho Public Records Act claim ("Count VII") against Chubbuck. To remedy the previous flaws in her Complaint, McDevitt has now also alleged a more recent denial of access to records and metadata which occurred on April 16, 2026. Dkt. 7 at 20. According to the FAC, the city cited Idaho Code § 74-115(3) as the basis for its denial. *Id.* The Court holds this denial was proper.

The Idaho Public Records Act provides every person with a right to examine any public records of the state and the law presumes all public records of Idaho to be open unless otherwise specified by statute. Idaho Code § 74-102. Where a government entity wrongfully withholds records not protected by a recognized exemption, a court may

compel the production of those records insofar as the entity has not produced them at the time a claimant brings an action to compel their production. Idaho Code § 74-116; *Cover v. Idaho Bd. of Correction*, 476 P.3d 388, 397 (Idaho 2020). If a court finds that a refusal to disclose records was frivolous, it may award appropriate costs and attorney's fees. *Cover*, 476 P.3d at 401–02.

However, a party may not use a records request to "supplement, augment, substitute, or supplant discovery procedures" in any state or federal civil action. Idaho Code § 74-115(3). This remains true even where the records request is made to a non-party in order to circumvent obtaining information from a party. *Timothy v. Oneida Cnty.*, 2016 WL 2910270, at *5 (D. Idaho May 18, 2016).

McDevitt submitted her initial Complaint commencing this action on December 31, 2025. Dkt. 2. Her most recent reported request for access occurred four months after that, and the request for access and metadata appears plainly tailored to assist in investigating her claims here. Thus, McDevitt may not use her April 16 request as a basis for a claim under the Idaho Public Records Act due to the bar created by Idaho Code § 74-115(3). As McDevitt has asserted no other facts in the FAC to support Count VII, the Court dismisses it with prejudice.

*iii. Count VIII: State Law Claims*

McDevitt brings state law claims ("Count VIII") against the Individual Defendants under Idaho common law theories of negligence and gross negligence as well as under Idaho Code § 5-219 for fraudulent concealment. Because McDevitt may not bring claims for negligent investigations and because a claim for fraudulent concealment is not available

outside of a professional malpractice context, the Court dismisses Count VIII with prejudice.

No cause of action is available for a negligent or grossly negligent investigation by law enforcement. *Wimer v. State*, 841 P.2d 453, 455 (Idaho Ct. App. 1992). Idaho law provides for tolling due to fraudulent concealment only in cases of professional malpractice. Idaho Code § 5-219(4). The same tolling option is not available under the same law for actions concerning law enforcement which plaintiffs must bring within two years. Idaho Code § 5-219(1).

As the FAC's claims for negligence and gross negligence all stem from allegations of a negligently performed investigation, McDevitt may not pursue them. Even if she could, Idaho law would bind her to the two-year statute of limitations. Because McDevitt has identified no new facts but only a new theory for Count VIII and has now had an opportunity to amend the claim, the Court dismisses Count VIII with prejudice.[1]

*iv. Count IX: Wrongful Death/Loss of Familial Relationship*

McDevitt brings her state law Wrongful Death/Loss of Familial Relationship claim ("Count IX") against the Private Defendants under Idaho Code § 5-311. Because the FAC properly identifies plausible facts under which the actions of Defendants Fischer and Toone could have contributed to Charles's death, Count IX may proceed as to these two Defendants. But because the FAC identifies no facts that tie the remaining Private Defendants to Charles's death, the Court will dismiss Count IX without prejudice as to the

[1] The Court notes that McDevitt's Count VIII claims are wholly covered by and seem better left under the umbrella of her § 1983 claims under Counts I–IV.

remaining Private Defendants.

Under Idaho law, the heirs or personal representatives of a person whose death a defendant's wrongful or negligent acts caused may bring an action for damages against that defendant. Idaho Code § 5-311. Under federal law, if a plaintiff includes a state law claim that arises from the same case or controversy as included federal claims and that claim does not substantially predominate over the federal law claims, federal courts may hear it under supplemental jurisdiction. *Lakic v. Idaho Dep't of Correction*, 2024 WL 989803, at *5 (D. Idaho March 7, 2024).

Here, the FAC asserts cognizable claims under federal law that Count IX does not substantially predominate. The FAC identifies Fischer's unsafe operation of the truck and Toone's delay in calling 911 in favor of calling other private parties as contributing to the death of McDevitt's son. Dkt. 7 at 22. However, the FAC provides no facts establishing liability for the remaining Private Defendants. For these reasons, Count IX may proceed only against Fischer and Toone.

*v. Count X: Conspiracy*

Count X alleges a state common law conspiracy claim against all Defendants. *Id.* at 23. Because the FAC identifies actions taken by the Individual Defendants[2] as well as Defendants Toone and Keagan Christiansen that could plausibly constitute a concerted effort to conceal the true events surrounding the death of McDevitt's son, Count X may

[2] The Court notes that the FAC names only the "Individual Private Defendants" in the subheading for Count X. However, in the body of Count X, the FAC outlines a narrative with facts to suggest McDevitt intended to include both the Private Defendants and the Individual Defendants in Count X. The Court has chosen to construe Count X liberally in McDevitt's favor, treating the FAC as though it plainly labeled both groups of Defendants from the start.

proceed against those Defendants. As the FAC alleges no plausible facts establishing liability for the remaining Private Defendants, Count X may not proceed against the remaining Private Defendants.

Legal remedies exist for civil conspiracy where two or more people agree to accomplish an unlawful objective or to accomplish a lawful objective in an unlawful manner. *McPheters v. Maile*, 64 P.3d 317, 321 (Idaho 2003).

The FAC offers as evidence Toone's calls to third parties prior to calling 911 and Toone's removal of possible evidence from the scene of the accident prior to the conclusion of the police investigation as grounds for holding him liable under this theory. Dkt. 7 at 23. As for Keagan Christiansen, the FAC alleges he monitored and interrupted Macey Cannon's efforts to communicate with McDevitt regarding the incident. *Id.* As to the Individual Defendants, the FAC identifies the overall alleged investigatory inconsistencies as evidence of their involvement. *Id.* The FAC also identifies as evidence actions taken by Andre Christiansen and Toone to remove Schei from the scene prior to police arrival, police exclusion of Schei from official reports for nine years, and Andre's refusal to identify his motivation in removing Schei due to "threats." *Id.* However, the FAC does not identify how Schei contributed to Charles's death or to the alleged conspiracy, and his mere presence at the scene can form no basis for liability. Thus, his removal from the scene and exclusion from reports cannot form a basis for liability either. The FAC does not identify facts upon which the Court could plausibly hold the remaining Private Defendants liable either. Thus, Count X may proceed only against the Individual Defendants, Toone, and Keagan Christiansen.

*vi. Count XI: State Law Intentional Infliction of Emotional Distress*

McDevitt brings her Intentional Infliction of Emotional Distress claim ("Count XI") against all Defendants. Because the FAC, taken as true, adequately alleges the elements of the alleged tort, it is cognizable in that respect. However, the FAC only identifies facts that could plausibly establish liability for the Individual Defendants and for Fischer, Toone, and Keagan Christiansen. Thus, Count XI may proceed only against those Defendants.

A plaintiff may recover for intentional infliction of emotional distress if the following elements are met: "1) the conduct must be intentional or reckless; 2) the conduct must be extreme and outrageous; 3) there must be a causal connection between the wrongful conduct and the emotional distress; and 4) the emotional distress must be severe." *Curtis v. Firth*, 850 P.2d 729, 752 (Idaho 1993).

The FAC alleges a course of intentional conduct that, if true, a jury could find to be extreme or outrageous. *See generally* Dkt. 7. The emotional distress caused by the death of her son and the subsequent alleged course of conduct by the Individual Defendants along with that of Defendants Toone and Keagan Christiansen to conceal the circumstances of Charles's death allegedly resulted in the loss of McDevitt's work and her consequent life in poverty for the past 9 years. *Id.* at 9. However, just as the FAC does not establish the involvement of all the Private Defendants in Charles's death or the alleged conspiracy to hide the cause of that death by those Defendants, the FAC also does not state any facts that could connect all the Private Defendants to a claim for Intentional Infliction of Emotional Distress. Thus, Count XI may proceed only with respect to the Individual Defendants, Fischer, Toone, and Keagan Christiansen.

## V. CONCLUSION

Based on the FAC, the Court will allow McDevitt to proceed with Count IX against Defendants Fischer and Toone, Count X against Defendants Keagan Christiansen and Toone, and Count XI against the Individual Defendants, Keagan Christiansen, Toone, and Fischer in addition to Counts I–IV and VI as previously allowed under the Court's Initial Review Order (Dkt. 5). Counts IX–XI with respect to those Private Defendants not discussed above are DISMISSED WITHOUT PREJUDICE. McDevitt has not pleaded plausible facts to support Count V, which the Court accordingly DISMISSES WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND subject to the discovery of other facts during the course of this action. McDevitt has not established plausible facts upon which she could prevail on Count VII, which the Court now DISMISSES WITH PREJUDICE. Because McDevitt has now pled Count VIII twice and has not identified new facts to support it, Count VIII is DISMISSED WITH PREJUDICE.

McDevitt may amend her FAC and refile as to those claims dismissed without prejudice if she so chooses or proceed on the surviving claims.

## VI. ORDER

1. McDevitt's First Amended Complaint (Dkt. 7) is DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND with respect to Count V. Counts VII–VIII are DISMISSED WITH PREJUDICE. Counts IX–XI are DISMISSED WITHOUT PREJUDICE with respect to those Private Defendants not otherwise discussed. McDevitt may proceed with her remaining claims. The Court grants McDevitt leave to file an Amended Complaint in compliance with the Court's

analysis above if she wishes to proceed with the deficient claims. McDevitt must file her Amended Complaint within **thirty (30)** days of the issuance of this Order.

2. Failure to submit an Amended Complaint or proceed with the claims currently allowed by this Court within the ordered timeframe will result in the full dismissal of Counts IX–XI with respect to the Private Defendants not otherwise discussed, WITH PREJUDICE and without further notice.

3. Because the Court has granted Leave to Proceed In Forma Pauperis, the Court will issue notice and summons to defendants for the surviving Counts after the passage of **thirty (30)** days, or, if McDevitt amends her Complaint, to all those defendants involved in cognizable claims in the amended Complaint after renewed analysis.

DATED: November 10, 2026

David C. Nye
U.S. District Court Judge